BELLAIRE CORPORATION; Nacco Industries, Inc.; North American Coal Corporation, Plaintiffs–Appellees,

v.

Larry G. MASSANARI, Acting Commissioner of Social Security, Defendant–Appellant,

Michael H. Holland; William P. Hobgood; Marty D. Hudson; Thomas O.S. Rand; Elliot A. Segal; Carl E. Van Horn; Gail R. Wilensky, Trustees of the United Mine Workers of America Combined Benefit Fund, Intervening Defendants.

No. 00–4080, 00–4082.

United States Court of Appeals, Sixth Circuit.

June 22, 2001.

Before MARTIN, Chief Judge; NORRIS, Circuit Judge; and QUIST, District Judge.*

MEMORANDUM OPINION

PER CURIAM.

■ The sole issue before us upon appeal is whether the Commissioner of Social Security had authority under the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. § 9701 *et seq.* ("Coal Act"), to make initial assignments of beneficiaries to coal operators after October 1, 1993. This court has already held that the Commissioner lacks such authority. *See Dixie Fuel Co. v. Comm'r of Soc. Sec.*, 171 F.3d 1052 (6th Cir.1999).

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Recognizing that *Dixie Fuel* controls our disposition of this case, the government explicitly (and the trustees implicitly) concedes that this panel must affirm the district court's decision to declare all initial assignments made after October 1, 1993, null and void. We agree. "[A] subsequent panel of this circuit court is powerless to revisit, modify, amend, abrogate, supersede, set aside, vacate, avoid, nullify, rescind, overrule, or reverse any prior Sixth Circuit panel's published precedential ruling of law." *United States v. Dunlap*, 209 F.3d 472, 481 (6th Cir.2000); *see also* 6th Cir. R. 206(c) ("Court en banc consideration is required to overrule a published opinion of the court."). Our decision in *Dixie Fuel* thus controls until and unless "an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir.1996) (quoting *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985)).

We therefore affirm the district court's grant of partial summary judgment to the plaintiffs on the basis of our prior opinion in *Dixie Fuel.*